IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| REDNER'S MARKETS, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB-11-1864 |
| JOPPATOWNE G.P. LIMITED PARTNERSHIP, | * | |
| | * | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Currently pending is Plaintiff Redner's Markets, Inc. ("Redner's")'s Motion for Attorneys Fees and Costs (ECF No. 206). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Plaintiff's Motion (ECF No. 206) is GRANTED in the amount of $37,132.73.[1]

## BACKGROUND

The background facts of this action remain as set forth in this Court's Memorandum Opinion of July 11, 2013 (ECF No. 179). In that Opinion and the accompanying Order & Judgment (ECF No. 180), this Court held that Joppatowne breached the Restrictive Use Covenant of the Lease when it permitted Lapp's Fresh Meats and All Fresh to operate in the Shopping Center, and also incorporated by reference the June 13, 2013 Permanent

---

[1] Although Plaintiff requested $41,329.78 in attorneys' fees and costs, this Court reduced the requested amount to $37,132.73 to align with this Court's Local Rules.

1

Injunction (ECF No. 159).[2] Additionally, this Court held that Joppatowne did not breach the covenant in question with respect to the operation of Beiler's BBQ, Beiler's Baked Goods, Dutch Delights, Dutch Pantry Fudge, King's Cheese & Deli, Kreative Kitchen, and the two unnamed vendor stalls in the Shopping Center.

Redner's next moved to amend this Court's findings of fact and conclusions of law, and also requested a new trial, pursuant to Rules 52 and 59 of the Federal Rules of Civil Procedure (ECF No. 185). This Court denied Redner's Motion in nearly all respects, but granted it to the extent that Redner's was entitled to nominal damages of $2.00. Mem. Order, ECF No. 188. Both Joppatowne and Redner's subsequently appealed the various orders and judgments of this Court to the United States Court of Appeals for the Fourth Circuit.[3] In a *per curiam* opinion, the Fourth Circuit affirmed this Court's judgments. *Redner's Markets, Inc. v. Joppatowne G.P. Ltd. P'Ship*, ___ F. App'x ___, 2014 WL 7172475 (4th Cir. 2014).

The subject Motion for Attorneys' Fees and Costs arises from Defendant's violation of the Permanent Injunction of June 13, 2013. On or around November 11, 2013, Redner's learned that Lapp's Fresh Meats, LLC ("Lapp's") had re-opened under a new name in the Shopping Center. Mem. in Supp. of Pl.'s Mot. for Att'ys Fees and Costs, 2, ECF No. 206-1. After Joppatowne failed to address the violation of the Permanent Injunction, Redner's filed a Motion for Sanctions and to Declare Defendant in Contempt of Court ("Motion for

---

[2] This Court did not award Redner's any amount for lost profits damages related to Lapp's Fresh Meats and All Fresh, but subsequently determined that Redner's was entitled to nominal damages of $2.00. *See* Mem. Order, ECF No. 188.
[3] Joppatowne appealed the Order and Judgment of July 11, 2013, and Redner's cross-appealed the Orders and Judgment of January 24, 2013, July 11, 2013, and September 17, 2013. *See Redner's Markets, Inc. v. Joppatowne G.P. Ltd. P'Ship*, ___ F. App'x ___, 2014 WL 7172475 (4th Cir. 2014) (ECF No. 213).

Sanctions") (ECF No. 193). In response, Joppatowne filed a lengthy Answer (ECF No. 197), as well as Motions to Strike (ECF No. 194) and to Dismiss (ECF No. 196) Redner's Motion for Sanctions. On April 29, 2014, this Court held that Joppatowne had, indeed, violated the Order of June 13, 2013 (ECF No. 204). This Court granted Redner's Motion for Sanctions, denied Joppatowne's Motions to Strike and to Dismiss, and awarded reasonable attorneys' fees and costs to Redner's. *Id.* Accordingly, Redner's filed the pending Motion for Attorneys' Fees and Costs (ECF No. 206).

## ANALYSIS

As the prevailing party in the Permanent Injunction violation matter, Redner's requests reasonable attorneys' fees and costs in the amount of $41,329.78. Supplement to Pl.'s Mot. for Att'ys Fees and Costs, 1, ECF No. 207. The calculation of a reasonable fee award, or lodestar award, is reached by multiplying the reasonable hours expended by a reasonable hourly rate. In assessing the reasonableness of the hours and rate claimed, the court considers the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Spell v. McDaniel*, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987).

### A. Attorneys' Fees

This Court will consider the first, second, and seventh lodestar factors together. When Redner's discovered the violation at issue, Redner's counsel first contacted Joppatowne's counsel to settle the matter without this Court's involvement. *See* Motion for Sanctions Ex. E, ECF No. 193-7. Only after Joppatowne failed to remedy the violation did Redner's file the Motion for Sanctions. In response to Redner's Motion, Joppatowne filed a lengthy Answer and voluminous Motions to Strike and to Dismiss. Although the violation of this Court's June 13, 2013 Order was clear and hardly a complex issue, the Defendant's actions substantially increased the time and labor spent by Plaintiff's counsel. Redner's attorneys worked diligently and quickly to remedy the violation and ensure the removal of Lapp's Fresh Meats from the Shopping Center. These factors support the reasonableness of Redner's attorneys' combined 107.1 hours expended, in light of the relevant lodestar factors.

Turning next to the quality of representation, results obtained, and undesirability of the case, this Court notes that Redner's counsel fared well in litigating this matter. Although initial negotiations between the parties failed, Redner's counsel successfully litigated the violation issue before this Court and obtained its requested sanctions for Joppatowne's conduct. All four attorneys are experienced and effective attorneys, and they argued zealously on behalf of Plaintiff. Although the violation itself was not complex or particularly undesirable, success on this issue required persistent and reasonable advocacy, both between the parties and before this Court. The violation issue was only the latest in a long history of litigation between the parties, and Redner's attorneys ably exhibited the requisite skill set.

The fourth factor – the attorneys' opportunity costs – ask this Court to consider whether Redner's attorneys' dedication to the violation dispute came at the expense of other prospective or existing matters. Plaintiff's Memorandum fails to address whether this matter forced its attorneys to forego any opportunities. Absent any evidence on this subject, this factor neither supports nor weakens Plaintiff's Motion.

As to the requested rates and counsel's expectations for payment, Joppatowne contends that this Court should reduce the requested rates to rates comfortably within the guidelines set by Appendix B to this Court's Local Rules.[4] In response, Redner's cites to the affidavit of its expert witness, Attorney Paul Mark Sandler, in which Mr. Sandler testified that Redner's requested rates are reasonable within the community. Sandler Aff. ¶ 9, ECF No. 206-5. Admittedly, the guidelines of the Local Rules are intended solely to provide guidance, and thus are not mandatory. Yet, this Court finds no reason to permit Redner's requested upper adjustments. Redner's attorneys advocated ably on behalf of their client, but the violation of a permanent injunction did not present particularly thorny or complex legal issues. The requested rates are thus adjusted to levels within the guideline ranges.[5]

With respect to the nature and length of the professional relationship between Redner's and its attorneys, this permanent injunction violation is merely the latest issue in a long history of litigation between Redner's and Joppatowne. The attorneys now requesting

---

[4] John Miravich, an attorney with twenty-five years of experience, requested a rate of $490.50 per hour. The guideline range for an attorney of his experience is $300-$475. Samuel Cortes, an attorney with eleven years of experience, requested a rate of $369.00. The guideline range for an attorney of his experience is $225-$350. J. Benjamin Nevius, an attorney with ten years of experience, requested a rate of $319.50. The guideline range for an attorney of his experience is also $225-$350. Finally, Jason Hobbes, an attorney with six years of experience, requested a rate of $265.50. The guideline range for an attorney of his experience is $165-$300.

[5] John Miravich will thus receive $400 per hour, Samuel Cortes will receive $300 per hour, J. Benjamin Nevius will receive $300 per hour, and Jason Hobbes will receive $250 per hour.

reimbursement are the same attorneys that represented Redner's at the initiation of the subject litigation in 2011. The relationship between Plaintiff and its counsel is thus longstanding and fruitful, given the history of this action.

After weighing all of the relevant factors, this Court finds that Redner's requested amount is generally reasonable as adjusted. Accordingly, this Court will award $32,935.00 in attorneys' fees.

### B. Costs and Expenses

Redner's requests reimbursement for two expenditures related to the violation at issue. First, Redner's incurred $1,177.73 when it hired a private investigator, Sean Gordon, to examine and document Joppatowne's violation of this Court's June 13, 2013 Order. Second, in preparation for the pending Motion for Attorneys' Fees and Costs, Redner's counsel obtained Paul Mark Sandler, a local attorney, to testify to the reasonableness of its requested rates and time spent litigating the violation. Redner's paid Mr. Sandler a total of $2,420.00 for his services. This Court holds that both requested reimbursements are reasonable, and will accordingly be incorporated into the final sum.

### CONCLUSION

For the reasons stated above, Plaintiff Redner's Motion for Attorneys' Fees and Costs (ECF No. 206) is GRANTED, and this Court awards attorneys' fees in the amount of $32,935.00 and $3,597.73 in costs and expenses, for a total of $37,132.73.

A separate order follows.

Dated: March 17, 2015                                          /s/
                                                               Richard D. Bennett
                                                               United States District Judge